

FILED by_____ D.C.

MAR - 6 2009

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

NATHANIEL JAMES,
ALONZO GRAHAM, and
CURTIS PLUMMER,

Plaintiffs,

vs.                                                         Case No.:

FATHER & SON MOVING OF                                      **09  60353**
SOUTH FLORIDA, INC., and
JOSEPH MAZELLA,                                             CIV-COHN
individually,                                               MAGISTRATE JUDGE
                                                            SELTZER
Defendants.

_____ /

## COMPLAINT

1. Plaintiffs, NATHANIEL JAMES, ALONZO GRAHAM, and CURTIS

   PLUMMER (hereinafter referred to as "Plaintiffs"), were employees of

   Defendants FATHER & SONS MOVING OF SOUTH FLORIDA, INC., a

   Florida Corporation, and JOSEPH MAZELLA, (hereinafter referred to as

   "Defendants"), and brings this action on behalf of themselves and other similarly

   situated employees of Defendants for overtime compensation and other relief

   under the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29

   U.S.C. §201 et. seq.

2. At all times material hereto, Plaintiff, NATHANIEL JAMES, performed non-

   exempt duties as a driver/mover for the Defendants in Broward County, Florida,

   within the jurisdiction and venue of this Court.

3.  At all times material hereto, Plaintiff, ALONZO GRAHAM, performed non-exempt duties as a driver/mover for the Defendants in Broward County, Florida, within the jurisdiction and venue of this Court.

4.  At all times material hereto, Plaintiff, CURTIS PLUMMER, performed non-exempt duties as a mover for the Defendants in Broward County, Florida, within the jurisdiction and venue of this Court.

5.  Plaintiff, NATHANIEL JAMES, was hired by Defendants in approximately August, 2008, and worked for Defendants until approximately February, 2009.

6.  Plaintiff, ALONZO GRAHAM, was hired by Defendants in approximately May, 2008, and worked for Defendants until approximately February, 2009.

7.  Plaintiff, CURTIS PLUMMER, was hired by Defendants in approximately August, 2008, and worked for Defendants until approximately February, 2009.

8.  Based upon the information preliminarily available, and subject to discovery in this cause, Plaintiffs' typical weekly schedule, which was sometimes longer, included five (5) to six (6) days per week, for an understated average of approximately sixty (60) hours per work week.  Additionally, Plaintiffs were often times required to work through their lunch time.  Plaintiffs were often times paid for less than forty (40) hours and were never paid for more than forty (40) hours.

9.  When Plaintiff, NATHANIEL JAMES, was paid, his hourly rate was $9.50 per hour; when Plaintiff, ALONZO GRAHAM, was paid, his hourly rate was $11.00 per hour; and when Plaintiff, CURTIS PLUMMER, was paid, his hourly rate was $7.00 per hour.

10.  Defendant, FATHER & SON MOVING OF SOUTH FLORIDA, INC., owns and/or operates a moving company for profit in Broward County, Florida, and employs persons such as Plaintiffs and other similarly situated employees to work on its behalf in providing labor for its practice.  This Corporate Defendant is within the personal jurisdiction and venue of this Court.

11. At all times material hereto, JOSEPH MAZELLA, managed, owned and/or operated FATHER & SON MOVING OF SOUTH FLORIDA, INC., and regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate of pay of employees, and control the finances and operations of FATHER & SON MOVING OF SOUTH FLORIDA, INC.  By virtue of such control and authority, JOSEPH MAZELLA, was an employer of Plaintiffs as such term is defined by the Act.  29 U.S.C. §201 et seq.

12. Defendants directly or indirectly acted in the interest of an employer towards Plaintiffs and other similarly situated employees at all material times, including without limitation directly or indirectly controlling the terms of employment of Plaintiffs and other similarly situated employees.

13. At all times material hereto, Plaintiffs and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

14. This cause of action is brought to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b) on behalf of Plaintiffs and all other current and former employees similarly situated during the material time.

3

15. The records, if any, concerning the number of hours worked by Plaintiffs and all other similarly situated employees as Plaintiffs are in the possession and custody of Defendants.

16. The records, if any, concerning the compensation actually paid to Plaintiffs and all other similarly situated employees are in the possession and custody of Defendants.

17. Subject matter jurisdiction is conferred on this Court by 28 U.S.C. §1337 and by 29 U.S.C. §216(b). At all times pertinent to this Complaint, the corporate Defendant, FATHER & SON MOVING OF SOUTH FLORIDA, INC., was an enterprise engaged in interstate commerce or in the production of interstate commerce as defined by the Act, 29 U.S.C. §203(r) and 203 (s). Based upon information and belief, the annual gross sales volume of the corporate Defendant was in excess of $500,000.00 per annum at all times material hereto. Alternatively, the Plaintiffs and those similarly situated employees worked in interstate commerce so as to fall within the protections of the Act.

18. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209 in that Plaintiffs and those similarly situated employees performed services and labor for Defendants for which Defendants made no provision to pay Plaintiffs and other similarly situated employees compensation to which they were lawfully entitled for all of the hours worked in excess of forty within a work week.

19. The additional persons who may become Plaintiffs in this action are Defendants' non-exempt employees who have worked in excess of Forty (40) hours during one

or more work weeks on or after March 2006 and did not receive time and one-half of their regular rate of pay for all of the hours they worked over Forty (40) in one or more work weeks.

20. Plaintiffs have retained the law office of Card & Glenn, P.A. to represent them individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

21. Plaintiffs reallege, and incorporate here by reference, all allegations contained in Paragraphs 1 through 20 above.

22. Plaintiffs are entitled to be paid time and one-half of her regular rate of pay for each hour worked in excess of Forty (40) hours per work week.

23. All similarly situated employees of Defendants are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

24. Defendants knowingly and willfully failed to pay Plaintiffs and the other similarly situated to them at time and one half of their regular rate of pay for all hours worked in excess of Forty (40) hours per week.

25. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiffs and those similarly situated employees have suffered damages plus incurred costs and reasonable attorneys' fees.

26. As a result of Defendants' willful violations of the Act, Plaintiffs and those similarly situated employees are entitled to liquidated damages.

27. Plaintiffs demand a jury trial.

WHEREFORE, Plaintiffs, NATHANIEL JAMES, ALONZZO GRAHAM, and

CURTIS PLUMMER, and those similarly situated to them who have or will opt into

this collective action, demand judgment, jointly and severally, against Defendants,

FATHER & SON MOVING OF SOUTH FLORIDA, INC., and JOSEPH

MAZELLA, for the payment of compensation for all overtime hours at one and one-

half their regular rate of pay due them for the hours worked by them for which they

have not been properly compensated, liquidated damages, reasonable attorneys' fees

and costs of suit, and for all other appropriate relief including prejudgment interest.

Dated:  March 5, 2009                                    Respectfully submitted,


Andrew I. Glenn
Email: Andrew@floridaovertimeattorneys.com
Florida Bar No.:  577261
J. Dennis Card, Jr.
E-mail: Dennis@floridaovertimeattorneys.com
Florida Bar No.  0487473
Card & Glenn, P.A.
2131 Hollywood Boulevard, Suite 405
Hollywood, Florida 33020
Telephone:  (954) 921-9994
Facsimile:  (954) 921-9553
Attorneys for Plaintiffs

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS**

NATHANIEL JAMES, et al.,

**DEFENDANTS**

FATHER & SON MOVING OF SOUTH FLORIDA, INC., et al.,

**(b)** County of Residence of First Listed Plaintiff **Broward**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Card & Glenn, P.A.
2131 Hollywood Boulevard, Suite 405
Hollywood, FL 33020 (954) 921-9994

Attorneys (If Known)

Unknown

FILED by ___ D.C.

MAR - 6 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. - MIAMI

**(d)** Check County Where Action Arose:  ☐ MIAMI-DADE  ☐ MONROE  ☑ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

FTL 09cv 60353 - Cohn/Seltzer

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff (For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 862 Black Lung (923) | |
| ☐ 196 Franchise | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 240 Torts to Land | | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | ☐ 893 Environmental Matters |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 894 Energy Allocation Act |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | ☐ 895 Freedom of Information Act |
| | | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| | | | | ☐ 950 Constitutionality of State Statutes |

**V. ORIGIN** (Place an "X" in One Box Only)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Re-filed- (see VI below)  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).** (See instructions second page):

a) Re-filed Case ☐ YES ☑ NO   b) Related Cases ☐ YES ☑ NO

JUDGE _____   DOCKET NUMBER _____

**VII. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):

29 U.S.C. 216(b) Action for unpaid wages

LENGTH OF TRIAL via _4_ days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE 3/5/09

**FOR OFFICE USE ONLY**
AMOUNT 350-   RECEIPT # 996491   IFP _____